WALDEN, Chief Judge.
Plaintiff, Banco de Honduras, S.A., a banking corporation existing under the laws of Honduras, brought this suit against the defendants, Philip F. Prenner, Louis J. Prenner, John K. Estes, Southern Star Produce, Inc., and General Vegetable Distributors, Inc., because payment of two checks had been stopped to its disadvantage.
The case was submitted for decision to the trial judge. Judgment resulted in favor of plaintiff and against the signer of the two checks, Philip F. Prenner. The remaining defendants were exonerated. The trial court also denied plaintiff’s claim for special damages and attorney fees.
Plaintiff appeals because of its failure to obtain judgment against all the defendants as well as the denial to it of special damages and attorney fees. Philip F. Prenner cross-assigns error because of the judgment adverse to him.
The facts of the case reveal a complicated commercial transaction which was governed by the law of Honduras, Central America. Because the recital of the facts with reference to Honduran law would be lengthy and without conceivable value as a Florida precedent, we content ourselves by saying that we approve the comprehensive and careful order which was appealed, except as to one point, which we must discuss inasmuch as a reversal with directions is indicated.
Southern General was a partnership formed by the two defendant corporations. The partnership opened a bank account in October 1962 at the First National Bank of Pompano Beach as a specifically designated unincorporated entity with the individu *601 al defendants authorized to sign checks. The checks in question were issued in February and March 1963 and bore a printed heading, “Southern General.” The name was also printed above the signature of Philip F. Prenner and there was no indication thereon that Southern General was a corporation.
The order appealed held, in sum, that defendant Philip F. Prenner, by failing to indicate that he was signing the checks in any representative capacity, made himself solely and individually liable. The trial court found no basis for holding liable any of the other defendants.
Plaintiff contends that, under Honduran law, the other defendants are also liable on the checks. We agree.
Honduran law designates as an irregular company a corporation not meeting the requisites of a corporation under Honduran law. If Southern General was an irregular company it is uncontradicted that Honduran law would then hold liable the drawer of the checks and all those persons who appear to be forming or acting as members of such company.
Was Southern General an irregular company ? We say that it was.
A foreign corporation transacting business within Honduras is obligated to register there. Southern General did not. A corporation in Honduras is required to add an abbreviation to its name such as S.A., S.A.R., or L.R. to indicate its corporate status. This was not done and no such abbreviation appeared on the checks in question. The sum of the circumstances indicates as a matter of fact and Honduran law that Southern General was an irregular company.
The defendants urge that Article XIII of the Treaty of 1927 between the United States and Honduras would require that a corporation organized in the State of Florida will be recognized by the Honduran government. We accept that interpretation but have the view that the provision is without application to the controversy. There was no basis for suggesting that Southern General was a valid corporation in either Florida or Honduras and Southern General, insofar as this particular transaction is concerned, is the only entity involved.
The defendants also suggest that Southern General was only the name under which a corporation formed in January 1963 and known as General Southern, Inc., did business and, therefore, because General Southern, Inc., was a valid Florida corporation the Honduran law of irregular companies should not be applied to Southern General. This position is not tenable under the mentioned facts. We note that in this transaction the name of General Southern, Inc., was never employed at any stage including the post stoppage communication. Neither did it or any of the defendants comply with Honduran law by registering in Honduras and filing a statement of obedience.
In sum, we say that the actor in this transaction was Southern General, an unincorporated entity. It was an irregular company according to the law of Honduras. On remand it is directed that judgment be entered for plaintiff against all of the defendants who were acting as members of this irregular company as well as against the defendant, Philip F. Prenner.
The other point raised by plaintiff and the cross appeal by Philip F. Prenner have been considered and found to be without merit.
Reversed and remanded.
McCAIN, J., and MASON, ERNEST E., Associate Judge, concur.